IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x
In re                                   :   Chapter 11
                                        :
Rural/Metro Corporation, et al.,[1]     :   Case No. 13-11952 (KJC)
                                        :
       Reorganized Debtor.              :   (Jointly Administered)
                                        :
------------------------------------------------------x

## STIPULATION SETTLING THE CLAIMS FILED BY CARMEN SLATTERY

This stipulation (the "Stipulation") is made as of the date set forth below, between (i) Rural/Metro Corporation and its affiliates, including, but not limited to Sioux Falls Ambulance, Inc. d/b/a Rural/Metro Ambulance (collectively, the "Debtors"), on the one hand, and (ii) Carmen Slattery ("Slattery"), on the other hand (the Debtors and Slattery together, the "Parties").

## RECITALS

WHEREAS, on August 4, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 (the "Chapter 11 Cases") of title 11 of the United States Code (the "Bankruptcy Code").

WHEREAS, on November 5, 2013, the Court approved the *Disclosure Statement with Respect to the First Amended Joint Chapter 11 Plan of Reorganization for Rural/Metro Corporation and Its Affiliated Debtors* [Docket No. 605]. On December 17, 2013, the Court entered an order [Docket No. 830] confirming the *First Amended Joint Chapter 11 Plan of Reorganization for Rural/Metro Corporation and its Affiliated Debtors* (as amended or supplemented, the "Plan"). The Plan became effective on December 31, 2013 [Docket No. 878].

---

[1] The last four digits of the Reorganized Debtor's federal tax identification number are (6929). The Reorganized Debtor's headquarters are located at 9221 E. Via de Ventura, Scottsdale, AZ 85258.

01:16493313.5

{00051000.0000/00606631.DOCX / }

WHEREAS, on August 26, 2013, the Court entered that certain *Order Pursuant to Sections 501 and 502(b) of the Bankruptcy Code and Rules 2002 and 3003(c)(3): (I) Establishing Bar Dates for Filing Proofs of Claim and (II) Approving the Form and Manner of Notice Thereof* [Docket No. 167] (the "Bar Date Order"). Pursuant to the Bar Date Order, all persons or entities who wished to assert claims against the Debtors' estates were required to file a proof of claim against the Debtors in the Chapter 11 Cases by no later than October 23, 2013 at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date").

WHEREAS, on or about January 22, 2013, Slattery filed a Charge of Discrimination with the South Dakota Division of Human Rights asserting sex discrimination, retaliation, and equal pay violations (the "Charge");

WHEREAS, the Charge was cross-filed with the Equal Employment Opportunity Commission ("EEOC") and assigned the charge number 32J-2013-00023;

WHEREAS, on September 9, 2013, Slattery filed proof of claim in the Debtors' Chapter 11 Cases: claim number 172 ("Claim 172"). Claim 172 asserted a general unsecured claim of an undetermined amount based on the claims she asserted in the Charge;

WHEREAS, the EEOC issued Slattery a Notice of Suit Rights on or about January 2, 2015;

WHEREAS, Slattery initiated a lawsuit in the United States District Court for the District of South Dakota on or about March 23, 2015 captioned *Carmen Slattery v. Sioux Falls Ambulance, Inc. d/b/a Rural/Metro Ambulance*, Civ. No. 15-CV-4062, in which she asserted violations of the Equal Pay Act, gender discrimination and retaliation under Title VII, and gender

2

discrimination and retaliation under South Dakota Codified Laws Chapter 61-11 & 12 (the "Litigation");

WHEREAS, the Parties have conducted good faith negotiations with respect to Claim 172 at a settlement conference on January 7, 2016, with Magistrate Judge Veronica Duffy at the U.S. Federal Courthouse in Sioux Falls, South Dakota, and have reached a settlement with respect to Claim 172 and the amounts due to Slattery;

WHEREAS, the Parties will file a Stipulation of Dismissal With Prejudice in the United States District Court for the District of South Dakota related to the Litigation.

## **TERMS AND CONDITIONS**

NOW, THEREFORE, in consideration of the mutual promises contained herein, the Parties, intending to be legally bound, stipulate and agree as follows:

1. The above recitals are incorporated as if fully set forth herein.

2. Claim 172 is expunged and disallowed in its entirety.

3. Claim 172 shall be amended to reflect an allowed Class 5 general unsecured claim in the sum of $155,000 (the "General Unsecured Claim") for Slattery in the Debtors' Chapter 11 Cases without further action by Slattery.

4. The General Unsecured Claim shall be treated pursuant to the terms of the Plan.

5. Claim 172 shall be modified by the Debtors' claims agent, Donlin, Recano & Company, Inc., on the official claims register as set forth above.

6. In exchange for the promises in Paragraphs 3 and 4, Slattery, on her own behalf and on behalf of her heirs, personal representatives and assigns, knowingly and voluntarily releases and forever discharges the Debtors from any and all claims and causes of action, known or unknown, which Slattery may have against the Debtors relating to her employment and

3

separation from employment with the Debtors or otherwise, including, but not limited to, claims and causes of action relating to breach of contract, tort, wrongful discharge, "whistleblower" matters, Title VII of the Civil Rights Act of 1964, as amended, the Equal Pay Act, 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended by the Older Workers Benefit Protection Act of 1990, the Americans with Disabilities Act Amendments Act, the Family Medical Leave Act, the Employee Retirement Income Security Act, as amended, the South Dakota Human Relations Act, South Dakota Codified Laws Chapter 62-11 & 62-12, any and all state or local human rights statutes or ordinances, breach of public policy, personal or emotional injury, defamation, additional compensation, wages, severance and fringe benefits. This Agreement does not release any rights or claims Slattery which, by law, cannot be waived or released by private agreement.

7. Except as set forth in this Stipulation, Slattery hereby releases, acquits, and discharges the Debtors and the Debtors' chapter 11 estates from any and all claims (as defined in section 101(5) of the Bankruptcy Code) arising out of or otherwise related to the Claim 172 or her employment with the Debtors.

8. The terms contained in this Stipulation are pursuant to and consistent with the terms contained in the Plan.

9. This Stipulation shall not, in any way, be construed as an admission by the Debtors of any liability to Slattery in the Litigation or otherwise.

10. Slattery agrees to direct her counsel to execute a Stipulation for of Dismissal With Prejudice in the Litigation in which the Parties agree that the Litigation should be dismissed in its entirety with prejudice, on the merits, and without costs to either party (attached as Exhibit A)

within 2 business days of her execution of this Stipulation, and to take all necessary steps to secure the dismissal of the Litigation.

11. This Stipulation shall be binding upon and shall inure to the benefit of the Parties and their successors and assigns.

12. The Parties have negotiated language of a statement describing Slattery's employment with the Debtors.

13. Slattery may direct inquiries regarding her employment with the Debtors to Jennifer Holsman Tetreault, Division General Counsel for Rural/Metro Corporation. Should Mrs. Holsman Tetreault's employment with Rural/Metro Corporation end, another member of Rural/Metro Corporation's legal team will be identified for this role.

14. The Parties agree as a part of the negotiated settlement of Claim 172, that Slattery may represent that she resigned her employment with the Debtors.

15. This Stipulation constitutes the entire agreement and understanding between the Parties and no Party has made any promises to or agreements with any other Party other than those contained in this Stipulation. No waiver or modification of any term or condition contained herein shall be valid or binding unless in writing and executed by the Parties hereto.

16. This Stipulation may be executed and delivered in any number of original, electronic mail or facsimile counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

17. Each representative signing this Stipulation represents and warrants that he or she has the authority to bind the Parties to the terms of this Stipulation.

18. Slattery acknowledges and agrees that she has reviewed and has been given adequate time to consider this Stipulation. Slattery acknowledges that she is represented by, and

has consulted with, legal counsel prior to executing this Stipulation and that the terms of this Stipulation were agreed upon at a Settlement Conference scheduled with Magistrate Judge Veronica Duffy on January 7, 2016 at the United States Courthouse in Sioux Falls, South Dakota. Slattery, therefore, agrees and acknowledges: (a) that her waiver of rights is knowing and voluntary; (b) that she has read and understands the terms of this Stipulation and has voluntarily accepted these terms for the purpose of making a full and final compromise, settlement and adjustment of any and all claims, disputed or otherwise; 3) that she understands the General Unsecured Claim discussed in Paragraphs 3 and 4 will be submitted and treated pursuant to the terms of the Plan.

IN WITNESS WHEREOF, the Parties have executed this Stipulation on the date set forth below.

Dated: January 7, 2016

*/s/ David J. Goldstein*

David J. Goldstein (SBSD #4281)
dgoldstein@littler.com
John H. Lassetter (MN Bar No. 0389009)
(admitted *pro hac vice*)
jlassetter@littler.com
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402.2136
Telephone: 612.630.1000

**ATTORNEYS FOR
SIOUX FALLS AMBULANCE, INC. D/B/A
RURAL/METRO AMBULANCE**

Dated: January 8, 2016

RURAL/METRO CORPORATION & ITS AFFILIATES

*/s/ Jennifer Holsman Tetreault*

Jennifer Holsman Tetreault
Division General Counsel

Address
8465 N. Pima Road
Scottsdale, AZ 85258

Dated: January 7, 2016

*/s/ Kelsea K. Sutton*

Kelsea K. Sutton
kelsea@rosebudlaw.com
Stephanie E. Pochop
stephanie@rosebudlaw.com
**JOHNSON POCHOP & BARTLING**
405 Main St. | PO Box 149
Gregory, SD 57533
(605) 835-8391

**ATTORNEYS FOR CARMEN SLATTERY**

Dated: January 7, 2016

CARMEN SLATTERY

*/s/ Carmen Slattery*

7

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| Carmen Slattery,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Sioux Falls Ambulance, Inc. d/b/a<br>Rural/Metro Ambulance,<br><br>　　　　　　　　Defendant. | Court File No. 4:15-cv-04062-RAL<br><br>**STIPULATION OF DISMISSAL<br>WITH PREJUDICE** |

Based on the agreement of the Parties, it is hereby stipulated that the above-captioned matter is dismissed in its entirety, with prejudice and on the merits, and without costs to either party. There being no just reason for delay, the parties request that Judgment of Dismissal shall be entered.

Dated: January 7, 2016

　　　　　　　　　　　　　　　　　　　Kelsea K. Sutton
　　　　　　　　　　　　　　　　　　　kelsea@rosebudlaw.com
　　　　　　　　　　　　　　　　　　　Stephanie E. Pochop
　　　　　　　　　　　　　　　　　　　stephanie@rosebudlaw.com
　　　　　　　　　　　　　　　　　　　**JOHNSON POCHOP & BARTLING**
　　　　　　　　　　　　　　　　　　　405 Main St. | PO Box 149
　　　　　　　　　　　　　　　　　　　Gregory, SD 57533
　　　　　　　　　　　　　　　　　　　(605) 835-8391

　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR PLAINTIFF**

Dated: January 7, 2016

                                                                       _____
David J. Goldstein (SBSD #4281)
dgoldstein@littler.com
John H. Lassetter (Bar No. 0389009) (admitted *pro hac vice*)
jlassetter@littler.com
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402.2136
Telephone: 612.630.1000

**ATTORNEYS FOR DEFENDANT
SIOUX FALLS AMBULANCE, INC. D/B/A
RURAL/METRO AMBULANCE**

9